UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **FRANK HERRERA,** | § | |
| | § | |
| **Plaintiff,** | § | |
| **v.** | § | **CIVIL ACTION NO.** |
| | § | |
| **TEXAS STATE BOARD OF PLUMBING** | § | **SA-08-CV-0079 RF** |
| **EXAMINERS,** | § | |
| | § | |
| **Defendant.** | § | |

## SHOW CAUSE ORDER

The matters before the court are plaintiff Frank Herrera's request to proceed in forma pauperis[1] and his request for appointment of counsel.[2]  In determining whether to permit a plaintiff to proceed in forma pauperis and whether to appoint counsel, the court must consider the merits of Herrera's claims.[3]  Upon review of Herrera's motions, it appears that Herrera's claims are frivolous.  The purpose of this order is to direct Herrera to show cause why his case should not be dismissed as frivolous.

This case is the fourth case Herrera has filed in this court seeking damages he maintains resulted from the loss of his master plumbing license.[4]  In the most recent closed case—SA-07-CV-257-OG—Herrera named the Texas State Board of Plumbing Examiners as a defendant as he

---

[1]Docket entry # 1.

[2]Docket entry # 2.

[3]*See Henson-El v. Rogers*, 923 F.2d 51, 53 (5th Cir. 1991) ("A district court may dismiss an in forma pauperis proceeding as frivolous under 28 U.S.C. § 1915(d) whenever it appears that the claim's realistic chance of ultimate success is slight or the claim has no arguable basis in law or fact.").

[4]*See* SA-06-CV-1116, SA-06-CV-1117 & SA-07-CV-257.

has done in the case now before the court and one prior case, and complained about the loss of

his master plumbing license.  The magistrate judge explained in a memorandum and

recommendation why Herrera's claims about the loss of his master plumbing license were

frivolous.[5]  The magistrate judge discussed why Herrera's claims are time-barred, why his claims

lack substantive merit, and why this court lacks jurisdiction over the claims.  The district judge

accepted the magistrate judge's recommendation and dismissed Herrera's claims under 28 U.S.C.

§ 1915(e).[6]

Despite the magistrate judge's thorough analysis of the problems with Herrera's claims

and the district judge's dismissal of the claims, Herrera once again asks for leave to proceed in

forma pauperis to file a similar complaint in this case.  In addition to the civil rights claim that he

complained about in SA-07-CV-257-OG and which the Court determined was frivolous, Herrera

now appears to seek damages for unspecified retaliation as a whistleblower.  To the extent that

Herrera may seek a remedy under the Texas Whistleblower Act, the court would have no

jurisdiction over such a claim unless Herrera and Texas State Board of Plumbing Examiners are

citizens of different states.[7]  That does not appear to be the case.  Even with jurisdiction, the

Texas Whistleblower Act does not apply to Herrera because he was not employed by the Texas

---

[5]*See* docket entry # 6 in SA-07-CV-257.

[6]*See* docket entry # 11 in SA-07-CV-257.

[7]Under 28 U.S.C. § 1332, a federal court has jurisdiction over controversies involving disputes between *citizens of different states* where the amount in controversy exceeds $75,000.00.

State Board of Plumbing Examiners.[8]

Because he seeks to pursue the same essential claim—a deprivation of due process from the loss of his master plumbing license—Herrera's claims in this case appear frivolous for the same reasons discussed in the magistrate judge's memorandum and recommendation in SA-07-CV-257-OG and subject to dismissal under 28 U.S.C. § 1915.  Herrera is hereby notified that it does not appear that he has alleged a non-frivolous cause of action.

I ORDER Herrera to respond to this order in writing not later than February 22, 2008 and explain why his motions should not be denied for failing to allege a non-frivolous claim.  In responding to this order, Herrera should be mindful of the deficiencies that the magistrate judge discussed in the memorandum and recommendation filed in SA-07-CA-257 and the requirements for stating a claim under the Texas Whistleblower Act.  If Herrera fails to respond to this order by February 22, 2008, the pending motions will be denied and I will recommend to the district judge that this case be dismissed for failure to comply with a Court Order and for failure to prosecute.[9]

**SIGNED** on February 10, 2008.

*Nancy Stein Nowak*

NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[8]*See* Tex. Gov't Code Ann. § 554.002 (Vernon 2004) ("A state or local governmental entity may not suspend or terminate the employment of, or take other adverse personnel action against, a public employee who in good faith reports a violation of law by the employing governmental entity or another public employee to an appropriate law enforcement authority.").

[9]*See* FED. R. CIV. P. 41(b) (permitting the defendant to move for dismissal on grounds the plaintiff failed to prosecute his case); *Gonzalez v. Firestone Tire & Rubber Co.*, 610 F.2d 241, 247 (5th Cir.  1980) (explaining that "a federal district court possesses the inherent authority to dismiss an action for want of prosecution").