UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| FRANK HERRERA, | § § § | |
| Plaintiff, | § | |
| v. | § § | CIVIL ACTION NO. |
| TEXAS STATE BOARD OF PLUMBING EXAMINERS, | § § § § | SA-08-CV-0079 RF |
| Defendant. | § | |

**TO:** The Honorable Royal Furgeson
United States District Judge

### MEMORANDUM AND RECOMMENDATION

This memorandum recommends dismissal of this case. Previously, the district judge referred to me plaintiff Frank Herrera's motion to proceed in forma pauperis[1] and motion for appointment of counsel.[2] In considering the motions, I observed that Herrera's proposed complaint sought damages Herrera maintains resulted from the revocation of his master plumbing license and that Herrera had previously filed three lawsuits seeking damages for the same revocation. As part of my effort to ascertain whether in forma pauperis status and appointed counsel are appropriate, I issued a show cause order and directed Herrera to address deficiencies in his complaint.[3] Herrera responded to my show cause order and attempted to explain why he has stated a claim upon which relief may be granted, but he failed to demonstrate

---

[1]Docket entry # 1.

[2]Docket entry # 2.

[3]Docket entry # 3.

that his claims are not frivolous.

### Failure to State a Claim Upon Which Relief May Be Granted

Section 1915(e) provides for *sua sponte* dismissal of an *in forma pauperis* proceeding if the court finds that the complaint "fails to state a claim upon which relief may be granted."[4] Similarly, it has been held that the "district court may dismiss an action on its own motion under Rule 12(b)(6) [of the Federal Rules of Civil Procedure] 'as long as the procedure employed is fair.'"[5]

This case is the fourth case Herrera has filed in this court seeking damages he maintains resulted from the revocation of his master plumbing license.[6] In the most recent closed case—SA-07-CV-257-OG—Herrera named the Texas State Board of Plumbing Examiners as a defendant as he has done in the case now before the court and one prior case,[7] and complained about the revocation of his master plumbing license. In Cause No. SA-07-CV-257-OG, the magistrate judge explained in a memorandum and recommendation why Herrera's claims about

---

[4] 28 U.S.C.A. § 1915(e). *See Newsome v. E.E.O.C.*, 301 F.3d 227, 232 (5th Cir. 2002) (affirming dismissal of pro se plaintiff's Title VII claim under section 1915(e)); *Gant v. Lockheed Martin Corp.*, 152 Fed. App'x 396, 397 (5th Cir. 2005) (affirming dismissal of non-prisoner's claim under section 1915(e)). *But see Allen v. Fuselier*, No. 01-30484, 2001 WL 1013189, at *1 (5th Cir. 2001) (determining that section 1915(e)(2)(B)(I) & (ii) do not apply to an INS detainee because he is not a prisoner under the Prison Litigation Reform Act and then affirming the dismissal of the detainee's claim under Federal Rule of Civil Procedure 12(b)(6)).

[5] *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998). *See Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006) (explaining that the "district court may dismiss a complaint on its own for failure to state a claim" so long as a fair procedure is employed).

[6] *See* SA-06-CV-1116, SA-06-CV-1117 & SA-07-CV-257.

[7] *See* SA-06-CV-1116.

2

the revocation of his master plumbing license are frivolous.[8] The magistrate judge discussed why Herrera's claims are time-barred, why his claims lack substantive merit, and why this court lacks jurisdiction over the claims. The district judge accepted the magistrate judge's recommendation and dismissed Herrera's claims under 28 U.S.C. § 1915(e).[9]

Despite the magistrate judge's thorough analysis of the problems with Herrera's claims and the district judge's dismissal of the claims, Herrera once again asks for leave to proceed in forma pauperis to file a similar complaint in this case. Liberally construed, Herrera's proposed complaint alleges a violation of civil rights under section 1983 for the deprivation of due process in the revocation of his master plumbing license.[10] This claim is the same claim Herrera complained about in SA-07-CV-257-OG and which the district court determined was frivolous. In addition, Herrera also seeks damages for unspecified retaliation as a whistleblower.[11]

To the extent Herrera seeks a remedy under the Texas Whistleblower Act, the court has no jurisdiction over such a claim because no diversity of citizenship exists between Herrera and Texas State Board of Plumbing Examiners.[12] Herrera confirmed in his response that he is a citizen of the state of Texas.[13] Even if diversity jurisdiction existed, the Texas Whistleblower Act does not apply to Herrera because he was not employed by the Texas State Board of

---

[8]*See* docket entry # 6 in SA-07-CV-257.

[9]*See* docket entry # 11 in SA-07-CV-257.

[10]*See* Herrera's proposed complaint, ¶¶ 1, 4, 7 & 13.

[11]*See id.* at ¶¶ 2, 4, 9 & 10.

[12]Under 28 U.S.C. § 1332, a federal court has jurisdiction over controversies involving disputes between *citizens of different states* where the amount in controversy exceeds $75,000.00.

[13]*See* docket entry # 4, ¶ 1.

Plumbing Examiners.[14]

As for Herrera's civil rights claim, that claim is barred by limitations. "The limitations period for a claim brought under section 1983 is determined by the general statute of limitations governing personal injuries in the forum state."[15] In Texas, the Texas Civil Practice and Remedies Code sets out statutes of limitations. That statute provides that claims must be brought "not later than two years after the day the cause of action accrues."[16] Under Texas law, the statute of limitations begins to run when legal injury occurs.[17]

The injury that Herrera complains about is the revocation of his master plumbing license.[18] Herrera's license was revoked by the final order of the Texas State Board of Plumbing Examiners dated April 11, 2005. Although that order is not part of the record in this case, Herrera filed the final order with his response to the magistrate judge's show cause order in Cause No. SA- 07-CV-257.[19] In that order, the Texas State Board of Plumbing Examiners adopted the administrative law judge's recommendation to revoke Herrera's master plumbing

---

[14] *See* TEX. GOV'T CODE ANN. § 554.002 (Vernon 2004) ("A state or local governmental entity may not suspend or terminate the employment of, or take other adverse personnel action against, a public employee who in good faith reports a violation of law by the employing governmental entity or another public employee to an appropriate law enforcement authority.").

[15] *Price v. City of San Antonio*, 431 F.3d 890, 892 (5th Cir. 2005).

[16] TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (Vernon Supp. 2006).

[17] *See FDIC v. Dawson*, 4 F.3d 1303, 1311 (5th Cir. 1993) (referring to "the longstanding Texas rule that the tort statute of limitations begins to run when the tort is committed, absent a statute to the contrary or fraudulent concealment"); *Robinson v. Weaver*, 550 S.W.2d 18, 19 (Tex. 1977) (explaining that unless the discovery rules applies, "a cause of action generally . . . accrue[s] at the time when facts come into existence which authorize a claimant to seek a judicial remedy" and stating that in a personal injury case, "this means when the wrongful act effects an injury, regardless of when the claimant learned of such injury").

[18] *See* Herrera's proposed complaint, ¶ 7; docket entry # 4, ¶¶ 13, 17, 18, 19, 23, 28 & 29.

[19] *See* SA-07-CV-257, docket entry # 4, exh. F.

license.[20] Because the final order is dated April 11, 2005, the limitations period for a claim based on the revocation of Herrera's master plumbing license began to run on that date. Herrera, however, filed his motion to proceed in forma pauperis and motion for appointment of counsel on January 29, 2008—outside the two-year limitations period. Because he filed his motions outside of the limitations period, Herrera's claims are barred by limitations. A claim barred by limitations fails to state a claim upon which relief may be granted.

### Recommendation

Because the claims reflected in Herrera's proposed complaint are barred by limitations, I recommend: (1) DENYING Herrera's motion for leave to proceed in forma pauperis (docket entry # 1) because Herrera has failed to state a claim upon which relief may be granted, (2) DENYING Herrera's motion for appointment of counsel (docket entry # 2) because Herrera is not entitled to an attorney to pursue a claim for which relief may not be granted, and (3) DISMISSING this case under section 1915(e) for failure to state a claim upon which relief may be granted.

Because Herrera persists in bringing frivolous claims based on the revocation of his master plumbing license, I recommend WARNING Herrera that if he continues to file frivolous lawsuits, the district court will issue an order enjoining him from filing a federal lawsuit about the revocation of his master plumbing license without permission from the district court.[21]

### Instructions for Service and Notice of Right to Object/Appeal

The clerk of this court shall serve a copy of this memorandum and recommendation on all

---

[20]*See id.*

[21]*See Newby v. Enron Corp.,* 302 F.3d 295, 301 (5th Cir. 2002) ("[I]t is widely accepted that federal courts possess power under the All Writs Act to issue narrowly tailored orders enjoining repeatedly vexatious litigants from filing future state court actions without permission from the court.").

parties who have entered an appearance, by either (1) electronic transmittal to all parties represented by attorneys registered as a "Filing User" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this memorandum and recommendation must be filed within 10 days after being served with a copy of same, unless this time period is modified by the district court.[22] Such party shall file the objections with the clerk of the court, and serve the objections on all other parties and the undersigned magistrate judge. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.[23] Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this memorandum and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.[24]

**SIGNED** on February 22, 2008.

*Nancy Stein Nowak*
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[22] 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

[23] *Thomas v. Arn*, 474 U.S. 140, 149-152 (1985); *Acuña v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000).

[24] *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).